Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| FAUSTINO GARCÍA ABISLAIMÁN<br><br>Apelante<br><br>v.<br><br>DAGMAR RIVERA DÁVILA Y OTROS<br><br>Apelado | KLAN202400940 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2021CV04406<br><br>Sobre: Cobro de dinero- Ordinario y Otros |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y el Juez Salgado Schwarz

Rivera Marchand, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 25 de febrero de 2025.

Comparece ante nos, el señor Faustino García Abislaimán (apelante o señor García Abislaimán) y solicita que revoquemos una *Resolución y Sentencia Parcial* notificada, el 13 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). En esta, desestimó con perjuicio la causa instada en contra de Air Logix, LLC y Fresh Air, LLC. También desestimó con perjuicio las reclamaciones de daños y perjuicios en contra de la señora Dagmar Rivera Dávila y del señor Faustino García Rivera. Asimismo, desestimó con perjuicio toda reclamación, bajo los incisos (D) Sentencia Declaratoria y (E) Remedios Adicionales, que incide sobre las acciones desestimadas de daños y perjuicios y descorrer el velo corporativo, al amparo de la Regla 10.2(5) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

Número Identificador

SEN2025 _____

**I.**

Según surge del expediente, el 29 de octubre de 2021, el señor García Abislaimán incoó la *Demanda* de epígrafe en contra de su exesposa, la señora Rivera Dávila; del hijo de ambos, el señor García Rivera; Air Logix, LLC y Fresh Air, LLC.[1] De sus alegaciones surge que, en una ocasión anterior, presentó el caso Civil Núm. GB2018CV00033 sobre división de sociedad legal de gananciales y daños, en contra de la señora Rivera Dávila; del señor García Rivera, su esposa, la señora Omayra Smadi, la sociedad de gananciales que comparten; Pro Air LLC y Air Logix LLC.[2] Esta última fue añadida como parte codemandada en la *Demanda Enmendada* presentada el 8 de julio de 2019.[3]

Alegó que, durante la vigencia del matrimonio habido entre él y la señora Rivera Dávila, desarrolló el negocio BG Mechanical Air Conditioning Contractors, LLC. Con posterioridad al divorcio (*Sentencia* notificada el 16 de septiembre 2014, D DI2014-0543), su hijo, el señor García Rivera, presuntamente tomó la administración de dicha compañía, le cambió el nombre a Pro Air LLC, se apoderó de las rentas, equipos y clientes, sin su consentimiento, causando múltiples daños y perjuicios. Expuso que, durante el litigio, las partes lograron ciertos acuerdos sobre remedios provisionales, los cuales surgen de la *Minuta* correspondiente a la vista celebrada el 13 de agosto de 2018.[4] En referencia a lo discutido en el caso Civil Núm. GB2018CV00033 añadió que, el 27 de agosto de 2018, el TPI notificó una *Resolución y Orden* interlocutoria en la cual consignó lo siguiente:

> Primera estipulación de hecho:
> Se estipula que BG Mechanical Air Conditioning Contractors, LLC es una corporación creada el 22 de agosto de 2015 registrada en el Departamento de Estado y que dicha compañía cambió de nombre el 10 de abril de 2018 a Pro Air

---

[1] Apéndice, págs. 56-73.
[2] Apéndice, págs. 1-5.
[3] Apéndice, págs. 23-27.
[4] Apéndice, págs. 16-20.

LLC, parte codemandada en este caso. Además, se estipula que es la misma corporación solo cambió el nombre.

Segunda estipulación de hecho:
Que Pro Air, LLC, se comprometió a entregar en el término de 30 días las planillas radicadas entre los años naturales del 2015 al 2018, los informes de Volumen de Negocio, los Estados de Cuenta del negocio y el General Ledger.

También acuerdan que con los componentes de Pro Air, LLC no se va a crear otra corporación o negocio paralelo utilizando el equipo, clientes e infraestructura creada por el Sr. Faustino García Abislaim[á]n en perjuicio de la comunidad entre el demandante y la demandada Rivera Dávila.

Escuchada las partes por conducto de sus representantes legales este tribunal ordena lo siguiente:

Se prohíbe a la parte demanda [sic] enajenar todo equipo adquirido producto del negocio Pro Air LLC, que maneja el codemandado, sin embargo, si hubiese algo extraordinario que no le esté dando beneficios a la empresa, por ejemplo un vehículo de motor que en lugar de producir le reste ganancias a la misma, las partes en conjunto lo pueden atender.[5]

Surge de las alegaciones que, subsiguientemente, en ese mismo pleito (caso Civil Núm. GB2018CV00033) el foro primario atendió y adjudicó un petitorio dispositivo instado por el señor García Rivera, Pro Air LLC y Air Logix LLC. Justipreciados los asuntos allí planteados el TPI, mediante una *Sentencia Parcial*, notificada el 15 de enero de 2020, ordenó la desestimación sin perjuicio de la demanda instada, únicamente en contra de Pro Air LLC, Air Logix LLC y del señor García Rivera.[6] En su pronunciamiento, el foro primario destacó que:

[…]
Las reclamaciones en contra del Sr. García Rivera así como de las corporaciones PAL y ALL no surgen dicho evento de divorcio sino que ocurre posterior a este. Como hemos señalados [sic] dichos codemandados son terceros ajenos a la comunidad de bienes por lo que no son comuneros. […]

A nuestro entender las reclamaciones en contra del Sr. García Rivera, PAL y ALL son más propias de una acción independiente ya sea extracontractual, contractual o de disolución de la corporación, así como de una acción derivativa (en caso de que [en] la misma se cuestione gestiones corporativas realizadas por dichas partes). Dichos codemandados pueden estar sujetos a responder de ser ciertas las alegaciones del demandante.

---

[5] Apéndice, págs. 21-22.
[6] Apéndice, págs. 29-55.

> En el presente caso, lo primordial es liquidar la comunidad de bienes existentes [sic] entre el Sr. García Abismailán [sic] y la Sra. Rivera, quienes son los únicos comuneros. Dicha liquidación de la comunidad es la razón de ser de dicha demanda. No es necesario complejizar aún más un litigio sobre división de comunidad de bienes con unas reclamaciones en contra de terceros no comuneros que pueden verse en acciones independientes y que no surgen del acto del divorcio. Esto facilitará aún más el proceso de liquidación de la comunidad bienes instado tanto por el Sr. García Abislaimán como por la Sra. Rivera.
> [...][7]

Como parte de las alegaciones de la *Demanda* de epígrafe, el apelante destacó que, el foro primario, en su pronunciamiento consignado en el dictamen emitido en el caso Civil Núm. GB2018CV00033, determinó que las reclamaciones en contra de Pro Air LLC y en contra del señor García Rivera se tenían que presentar en un pleito independiente. A esos efectos, el apelante instó la presente demanda. De sus alegaciones se desprende además que, desde marzo de 2019, el señor García Rivera creó otra corporación, Air Logix LLC y contrató a los empleados de Pro Air LLC para laborar en Air Logix LLC. Coetáneo a ello, la señora Rivera Dávila, interpuso un pleito sobre disolución de Pro Air LLC. Luego, desistió de dicha reclamación porque el señor García Rivera adoptó una resolución corporativa para disolver a Pro Air LLC.

A su entender, su ex esposa, la señora Rivera Dávila, y el hijo de ambos, el señor García Rivera se confabularon para crear corporaciones en aras de defraudarlo y de despojarlo de su negocio, sin una justa compensación. Identificó a Pro Air LLC, Fresh Air y Air Logix LLC, como las corporaciones creadas para dicho propósito. Como parte de sus alegaciones, solicitó descorrer el velo corporativo de dichas entidades jurídicas. Además, solicitó el resarcimiento por la interferencia intencional y competencia desleal de los demandados, al amparo del entonces vigente Artículo 1802 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 5141, así como el

---

[7] Apéndice, págs. 54-55.

pago por la responsabilidad civil derivada de las acciones u omisiones negligentes de dichas partes. Asimismo, solicitó una sentencia declaratoria y remedios adicionales, más el pago por concepto de honorarios de abogados. Culminadas ciertas incidencias que no resultan necesarias pormenorizar, el 2 de febrero de 2022, el TPI dictó una *Sentencia Parcial* en la que desestimó la causa de acción interdictal.[8]

Por su parte, la señora Rivera Dávila, el 11 de marzo de 2022, contestó la demanda de epígrafe y, en particular, como parte de sus defensas afirmativas, expuso que la reclamación interpuesta en su contra se encuentra prescrita.[9] Además, solicitó que se tomara conocimiento judicial sobre el caso Civil Número GB2018CV00033 el cual, a esa fecha, se encontraba pendiente ante el foro primario. Por último, mediante su reconvención, solicitó el resarcimiento por los daños y perjuicios sufridos, más el pago de las costas y de los honorarios de abogado. A lo antes, el señor García Abislaimán replicó, el 21 de marzo de 2022.[10] A su vez, el 20 de junio de 2023, Fresh Air LLC contestó la demanda y en ella destacó que no figura como parte en el caso Civil Número GB2018CV00033.[11]

El 9 de junio de 2023, el señor García Rivera presentó una *Moción de desestimación* al amparo de la Regla 10.2(5), *supra*. En esencia planteó que, prescribieron las reclamaciones en el presente pleito (sobre interferencia culposa y daños y perjuicios). Asimismo, el 21 de junio de 2023, Air Logix LLC solicitó la desestimación de la causa instada en su contra por prescripción. Además, sostuvo que, las alegaciones resultan insuficientes para establecer una causa de acción para descorrer el velo corporativo. Lo antes, al amparo de la

---

[8] Lo antes surge del dictamen recurrido, Apéndice, pág. 207.
[9] Apéndice, págs. 74-87.
[10] Apéndice, págs. 89-94.
[11] Apéndice, págs. 110-135.

Regla 10.2, *supra*.[12] Fresh Air se unió en parte al petitorio desestimatorio presentado por Air Logix LLC.

El señor García Abislaimán se opuso a los referidos petitorios desestimatorios mediante una moción instada el 28 de junio de 2023.[13] En particular, arguyó que, los recurridos tomaron como punto de partida para computar el término prescriptivo, el 14 de enero de 2020, la fecha de notificación de la *Sentencia Parcial* en el caso Civil Núm. GB2018CV00033. Resaltó que, a su entender, esa fecha no es el punto de partida para calcular la prescripción debido a que, en dicha demanda, no incluyó reclamación alguna sobre interferencia torticera ni competencia desleal. A esos efectos, solicitó al TPI que celebrara una vista evidenciaria para determinar cuándo comenzó a transcurrir el término de un año, y así determinar si las causas sobre interferencia culposa y competencia desleal se encontraban prescritas. En la alternativa, expuso que, de prevalecer el 14 de enero de 2020 como punto de partida para iniciar el término prescriptivo, de cualquier forma, la demanda no estaba prescrita porque se trataba de daños continuados.

De otra parte, el apelante señaló que, en atención al hecho de que el señor García Rivera y la señora Rivera Dávila lograron ciertas estipulaciones en el pleito anterior (caso Civil Núm. GB2018CV00033), la reclamación es de naturaleza contractual ante el incumplimiento de lo pactado. Añadió que, en cuanto a la procedencia de la reclamación para descorrer el velo corporativo, las alegaciones resultan suficientes para sostener la causa de acción instada en esta etapa de los procesos. Particularizó haber cumplido con el criterio de existencia de una deuda corporativa en la alegación 103 (j)(l)(m)(n) de la *Demanda*, que solo restaba cuantificarla. Además, destacó que, la acción para descorrer el velo corporativo no

---

[12] Apéndice, pág. 144.
[13] Apéndice, págs. 148-167.

se limitaba a tal criterio, sino que procedía cuando el reconocimiento de la personalidad jurídica separada equivale a sancionar un fraude; a promover una injusticia; a evadir una obligación estatutaria; a derrotar la política pública; a justificar la inequidad o; a defender un crimen. Para sustentar su postura, citó lo resuelto en *Srio D.A.C.O. v. Comunidad San José, Inc.*, 130 DPR 782 (1992) y *D.A.C.O. v. Alturas Fl. Dev. Corp y otro,* 132 DPR 905 (1993).

Al abundar sobre lo antes, explicó que, surgen de la *Demanda* los actos concretos y específicos que denotan que las corporaciones demandadas fueron y son un *alter ego,* con el fin de incurrir en acciones fraudulentas contra su persona. Indicó que, las tres causas de acción invocadas en los petitorios dispositivos necesariamente están vinculadas a las demás causas de acción de sentencia declaratoria e *injunction* provisional que, convenientemente, no surgen de las mociones de desestimación. Por lo antes, solicitó al foro primario denegar los referidos petitorios.

En reacción, el señor García Rivera objetó a la reclamación sobre daños continuados porque nada de lo alegado por el señor García Abislaimán se ha repetido. Puntualizó que, nada en las estipulaciones logradas en el caso Civil Núm. GB2018CV00033 resulta pertinente al señor García Rivera, por lo que, no existe vínculo contractual alguno. Separadamente, el 16 de junio de 2023, Air Logix LLC y Fresh Air LLC acreditaron sus reacciones a la postura del apelante.[14] Ante ello, el apelante presentó una moción para suplementar su oposición a la moción de desestimación, el 3 de octubre de 2023.[15]

Tras la celebración de una videoconferencia, celebrada el 25 de septiembre de 2023, el TPI emitió y notificó la *Resolución y Sentencia Parcial* recurrida. Oportunamente, el apelante solicitó

---

[14] Apéndice, pág. 178-187.
[15] Apéndice, pág. 189-197.

reconsideración, la cual el TPI denegó mediante una *Orden* notificada en autos el 25 de septiembre de 2024.[16]

Inconforme aun, el señor García Abislaimán acude ante esta Curia y señala lo siguiente:

> Erró el Tribunal de Primera Instancia al resolver que los daños reclamados en la demanda están prescritos bajo la premisa incorrecta de que el acuerdo alcanzado entre las partes en el caso GB2018CV00033 no constituye una transacción judicial.

> Erró el Tribunal de Primera Instancia al conceder el remedio drástico de desestimar con perjuicio la demanda contra las apeladas-codemandadas Air Logix, LLC y Fresh Air, LLC bajo el estándar de plausibilidad, sin antes conceder a la parte apelante-demandante la oportunidad de enmendar las alegaciones a tenor de la normativa aplicable en virtud de la Regla 10.2 (5) de Procedimiento Civil.

El señor García Rivera compareció mediante un *Alegato del Apelado* y Air Logix, LLC mediante una *Oposición de Apelación.* Por su parte, Fresh Air, LLC se unió a ambas posturas mediante una moción presentada el 18 de noviembre de 2024. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A. Regla 10.2 de Procedimiento Civil**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas derrotará la pretensión de la parte demandante. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros,* 2024 TSPR 13, resuelto el 16 de febrero de 2024; *Eagle Security v. Efrón Dorado, et al.,* 211 DPR 70, 83 (2023). Particularmente, la Regla 10.2, *supra,* enumera las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del

---

[16] Apéndice, pág. 254.

emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*; *Díaz Vázquez y otros v. Colón Peña y otros,* 2024 TSPR 113, resuelto el 25 de octubre de 2024; *Blassino Alvarado y otro v. Reyes Blassino y otro,* 2024 TSPR 93, resuelto el 20 de agosto de 2024.

Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Díaz Vázquez y otros v. Colón Peña y otros,* supra; *Blassino Alvarado y otro v. Reyes Blassino y otro,* supra. Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor. *Íd.*

Cabe destacar que, la desestimación de una demanda no procede, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. *Íd.* En ese sentido, nuestro más Alto Foro ha establecido que, una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, va dirigida a los méritos de la controversia, no a aspectos procesales del caso. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros*, supra.

**B. La prescripción extintiva**[17]

La prescripción extintiva es un modo de extinguir el derecho a ejercer determinada causa de acción. *SLG Haedo-López v. SLG Roldán-Rodríguez,* 203 DPR 324, 336 (2019). Su propósito es

---

[17] Citamos el Código Civil de Puerto Rico de 1930, hoy derogado, porque es el aplicable a la causa de epígrafe.

"castigar la inercia y estimular el ejercicio rápido de las acciones". *Íd*. El Artículo 1830 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 5241, establece que los derechos y las acciones se extinguen por medio de la prescripción. *Santos de García v. Banco Popular*, 172 DPR 759, 766 (2007). A esos efectos, el Artículo 1861 del Código Civil de Puerto Rico, 31 LPRA sec. 5291, dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". *Landrau Cabezudo y otros v. Autoridad de los Puertos de Puerto Rico y otros,* 2025 TSPR 7, resuelto el 15 de enero de 2025; *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1067 (2020). El propósito de la figura de la prescripción extintiva es ponerles certidumbre a las relaciones jurídicas y castigar la inacción de quien no ejerce sus derechos de manera oportuna. *Íd.*

Los términos prescriptivos varían según el tipo de derecho o acción. Las acciones personales que no tienen términos especiales de prescripción señalados prescriben a los quince (15) años. Artículo 1864 del Código Civil de Puerto Rico, 31 LPRA sec. 5294; *Xerox Corp. v. Gómez Rodríguez y otros*, 201 DPR 945, 953 (2018). Por otro lado, el Código Civil establece que las acciones de responsabilidad civil extracontractual prescriben por el transcurso de un (1) año. Véase, Artículo 1868 del Código Civil de Puerto Rico, 31 LPRA sec. 5298.

Al examinar cuál término prescriptivo es aplicable a un caso, el Tribunal Supremo de Puerto Rico ha expresado que ello requiere analizar los hechos según fueron alegados en la demanda. *Ramos v. Orientalist Rattan Furnt., Inc.*, 130 DPR 712, 717 (1992). En el citado caso, a las págs. 725-728, el Tribunal Supremo de Puerto Rico adoptó la doctrina de *concurrencia de acciones* que le permite a la parte perjudicada optar entre la acción extracontractual o la contractual, en determinadas circunstancias. Para ello, el hecho causante del daño debe constituir, de manera simultánea, un incumplimiento de una obligación contractual y una violación al

deber general de no causar daño a otro. *Íd.*, pág. 728. Ante la concurrencia de acciones, el Tribunal no puede concluir que se trata de una sola causa de acción extracontractual y aplicar el término prescriptivo de un (1) año establecido en el Artículo 1868 del Código Civil de Puerto Rico, *supra. Íd.*, págs. 729-730.

## C. Enmiendas a la demanda

La Regla 13.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, regula las enmiendas a las alegaciones. A esos efectos, dispone que una parte puede enmendar sus alegaciones bajo las siguientes circunstancias:

> [c]ualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal lo ordene de otro modo.

Sobre este tema, el Tribunal Supremo de Puerto Rico dispuso en *Dist. Unidos de Gas v. Sucn. Declet Jiménez*, 196 DPR 96, 117 (2016), que las enmiendas pueden ampliar las causas de acción de la demanda original e incluso, pueden añadir una o más causas de acción, las cuales se retrotraerán a la fecha de presentación de la demanda original, siempre y cuando surjan de la misma conducta, acto, omisión o evento expuesto en la alegación original.

En *León Torres v. Rivera Lebrón*, 204 DPR 20, 35 (2020), el más Alto Foro dictaminó que los tribunales gozan de discreción para autorizar las solicitudes de enmiendas a las alegaciones de forma

liberal, cuando la justicia lo requiera. De igual manera, resolvió que, el mero transcurso del tiempo no es suficiente para impedir la enmienda solicitada. *Íd.* En virtud de lo anterior, el Tribunal Supremo expresó haber avalado enmiendas a las alegaciones en procedimientos judiciales en etapas avanzadas. *Íd.*

Sobre este tema y citando al tratadista José A. Cuevas Segarra, el Tribunal Supremo estableció que los cambios en la teoría original y la adición de nuevas reclamaciones no debe ser un obstáculo para denegar una solicitud de enmienda a las alegaciones, salvo cuando hay incuria, mala fe o propósitos dilatorios que causan perjuicio a otra parte. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. 2, pág. 594. Ello, en virtud de la política pública de que las controversias se resuelvan en los méritos y que todo litigante tenga su día en corte. *León Torres v. Rivera Lebrón*, supra.

Sin embargo, nuestro más Alto Foro destacó que, el Tribunal de Primera Instancia habrá de tomar en consideración los siguientes criterios previo a conceder solicitudes de enmiendas a las alegaciones: (1) el momento en que se solicita; (2) el impacto que tendría en la pronta adjudicación de la controversia; (3) la razón atribuible a dicha demora; (4) el perjuicio que causaría a la otra parte; y (5) los méritos intrínsecos de la defensa que tardíamente se plantea. *Íd.* Sobre tales criterios, nuestro más Alto Foro aclaró que el factor predominante ha de ser el perjuicio que dicha enmienda puede causarle a la parte contraria. *Íd.*

**III.**

En su recurso el apelante argumenta que, el foro primario incidió al decretar prescritas sus reclamaciones por concepto de daños, bajo la premisa de que estos no son de naturaleza contractual -con término prescriptivo de quince (15) años- y de que el acuerdo que lograron las partes, en el caso Civil Núm.

GB2018CV00033, no constituyó una estipulación judicial. Asimismo, imputa al TPI haber errado al desestimar con perjuicio su causa en contra de Air Logix LLC y Fresh Air LLC, sin antes permitirle enmendar la demanda. Por ello, solicita que revoquemos el dictamen impugnado y que ordenemos la continuación de los procesos para él poder enmendar las alegaciones de la demanda.

Al oponerse al recurso de epígrafe, el señor García Rivera discute que, el foro primario actuó correctamente al desestimar la causa por prescripción. De otra parte, arguye que, es luego de que el TPI notificó el dictamen impugnado y sin propiamente solicitarlo, que el apelante cuestionó que dicho foro debió permitirle enmendar la demanda. Lo antes, a los fines de incluir alegaciones más concretas para configurar las causas de acción de interferencia intencional, competencia desleal, descorrer el velo corporativo y sentencia declaratoria. Basado en lo antes, sostiene que el foro primario no incidió al desestimar tanto las reclamaciones en contra de Fresh Air LLC y de Air Logix LLC, como las causas de acción sobre sentencia declaratoria y los remedios adicionales relacionados a las acciones desestimadas.

Por su parte, Air Logix LLC destaca en su oposición que, el TPI nunca emitió un remedio provisional a favor del apelante, por lo cual, no existe ninguna determinación jurídica previa en contra de la parte apelada. Además de señalar que, el reclamo del apelante está prescrito, asegura que el señor García Abislaimán carece de legitimación activa para instar una acción derivativa en protección de los derechos de Pro Air LLC o de Air Logix LLC. Fundamenta lo anterior en que, según reconoció el apelante, no existe entre él y Air Logixs LLC una relación contractual que los vincule y que justifique su reclamo. Air Logix LLC añade que, tampoco procede la acción derivativa sin el apelante haber dado cumplimiento a las exigencias que establecen los Artículos 19.54 y 19.55 de la Ley General de

Corporaciones de 2009, 14 LPRA secs. 4004 y 4005, y a lo resuelto en *Multinational Ins. v. Benítez y otros,* 193 DPR 67 (2015).[18]

Finalmente, Air Logix, LLC se opone a la petición del apelante referente a la doctrina de descorrer el velo corporativo. A esos efectos argumenta que, el apelante sustenta tal petitorio con alegaciones concluyentes, sin establecer que existe un crédito válido a su favor y en contra de Air Logix, LLC, y que esta última carece de los recursos económicos para sufragarlo.[19]

Luego de examinar sosegadamente el trámite procesal, los escritos de las partes y los documentos que obran en el expediente, en armonía con la normativa aplicable, concluimos que el foro primario no incurrió en los errores que el apelante le imputa.

Conforme surge del expediente, y según pronunció el foro primario en el dictamen apelado, las causas de acción objeto de este pleito fueron desestimadas sin perjuicio mediante la *Sentencia Parcial* que notificó el foro primario el 15 de enero de 2020, en el caso Civil Núm. GB2018CV00033. Lo antes, con el efecto de que, a partir de esa fecha comenzó el término prescriptivo de un (1) año que tenía el apelante para instar nuevamente las causas de acción sobre interferencia intencional, competencia desleal y daños y perjuicios, vencedero el 15 de enero de 2021. Sin embargo, el apelante incoó la demanda de epígrafe, el 29 de octubre de 2021, fuera del plazo hábil.

Pertinente a lo anterior, el apelante argumenta que, como los daños que reclama son continuos, no han prescrito. Valga aclarar que, los daños continuados configuran una sola causa de acción que es continua y que produce daños ininterrumpidos y unidos entre sí,

---

[18] Entre los requerimientos incumplidos destaca que, el apelante no acreditó cuáles gestiones realizó internamente ante la empresa para encontrar una solución a sus reclamos; tampoco expuso que a la fecha de los hechos objeto de este pleito poseía una participación o interés propietario en Pro Air LLC o Air Logix LLC.

[19] Surge del expediente que Fresh Air LLC se unió a los respectivos alegatos en oposición que instaron Air Logix LLC y el señor García Rivera.

cuya continuidad es previsible. *Cacho González et al. v. Santarrosa et al.,* 203 DPR 215, 222-223 (2019). A esos efectos, nuestro más Alto Foro dispuso que "lo que en realidad es continuo [...] es el acto u omisión que produce el daño y no necesariamente la lesión sufrida." *Íd.*, pág. 223.

Al aplicar la referida doctrina al caso de marras y tomando como ciertas las alegaciones de la *Demanda*,[20] de estas no se desprende que los codemandados hayan incurrido en actos repetitivos e ininterrumpidos que dieran lugar a daños continuados. Las alegaciones -tomadas como ciertas- reflejan que el presunto acto culposo o negligente del señor García Rivera y de la señora Rivera Dávila consistió en apoderarse del negocio Pro Air LLC, lo cual es un evento de tiempo determinado, con inicio y fin. Los daños, según alegados, son las consecuencias lesivas que este evento le ocasionó al apelante. Coincidimos con el foro primario en que, los referidos daños no cualifican como continuados.

---

[20] El apelante sustenta los daños continuados con las siguientes alegaciones de la *Demanda*:

27. En esencia, el codemandado García Rivera se apoderó del negocio, de su equipo, de sus clientes, del local en el cual operaba el negocio y continuó manejándolo sin la autorización del demandante y sin tampoco pagarle suma alguna de dinero.

29. Incluso, el codemandado García Rivera también se apoderó de las rentas que produce el local donde opera el negocio, a pesar de que el local le pertenece a la Sociedad Legal de Gananciales compuesta por el demandante y la codemandada Rivera Dávila.

55. Peor aún, el codemandado Faustino García Rivera y la codemandada Dagmar Rivera en común acuerdo y en confabulación crearon y operan Air Logix, LLC y Fresh Air LLC con los equipos, inventario, vehículos, local, renta, clientes, empleados, goodwill, etc., que se apropiaron ilegalmente del negocio del demandante.

67. En días recientes el demandante ha advenido en conocimiento de que el codemandado Faustino García Rivera ha realizado gestiones con la intención de vender Air Logix[,] LLC.

68. El demandante advino en conocimiento de que en días recientes el codemandado Faustino García Rivera iba a reunirse con el Sr. Pancho Díaz Masso para discutir la venta de Air Logix[,] LLC a [e]ste último.

73. El codemandado Faustino García Rivera, por sí y a través de la corporación Air Logix[,] LLC, ha interferido con los clientes que tenía Pro Air[,] LLC, haciéndolos como suyos.

74. De igual forma, el codemandado Faustino García Rivera, por sí y a través de la corporación Air Logix[,] LLC, indujeron y obligaron a los empleados de Pro Air[,] LLC, a renunciar a sus respectiv[o]s empleos para luego ser contratados en Air Logix[,] LLC, y así perjudicando las operaciones de la Pro Air.

75. El codemandado Faustino García Rivera, por sí y a través de la corporación Air Logix[,] LLC, se han beneficiado de los conocimientos e información confidencial de Pro Air[,] LLC para promover sus negocios. *Véase,* Apéndice, págs. 59, 62, 64 y 65.

Es de notar que, el apelante invoca en su recurso la vigencia de los acuerdos estipulados dentro de una solicitud de remedio provisional, en el caso Civil Núm. GB2018CV00033. Lo antes, para justificar que, los daños producto de su incumplimiento constituyen daños contractuales, sujetos a un término prescriptivo de quince (15) años. En la *Resolución y Orden* notificada a esos efectos, el 27 de agosto de 2018, el foro primario (caso Civil Núm. GB2018CV00033) prohibió a la parte demandada enajenar los equipos adquiridos producto del negocio Pro Air, LLC.[21] Cabe puntualizar que, por virtud de la Regla 56.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1, la referida prohibición fue emitida como remedio provisional para asegurar la efectividad de la sentencia que, en su día, el foro primario dicte en el caso Civil Núm. GB2018CV00033.

Un remedio provisional, por definición, es una medida con carácter temporero que adopta el tribunal -antes o después de dictar una sentencia- cuyo propósito es asegurar que la sentencia obtenida o la que pueda obtenerse en su día pueda hacerse efectiva.[22] Entre los remedios que provee la citada Regla 56.1 de las Reglas de Procedimiento Civil, *supra,* está la prohibición de enajenar, que es precisamente el remedio que dispuso el foro primario dentro del caso Civil Núm. GB2018CV00033.

No obstante, lo anterior, el apelante aduce que, la referida prohibición de enajenar constituyó un acuerdo transaccional entre las partes que obliga a los apelados, independientemente del dictamen desestimatorio. Precisamos que, una transacción es un acuerdo por el cual las partes, mediante concesiones recíprocas, evitan la provocación de un litigio o ponen fin al ya iniciado.[23] La

---

[21] Apéndice, págs. 21-22.
[22] Urrutia de Basora, Negrón Portillo, *Reglas de Procedimiento Civil de Puerto Rico Preguntas y Respuestas,* Facultad de Derecho de la Universidad Interamericana de Puerto Rico, Ediciones SITUM, Inc., 2010, pág. 279.
[23] *Neca Mortg. Corp. v. A&W Dev. S.E.*, 137 DPR 860, 870 (1995).

prohibición de enajenar antes referida, cuyo efecto se circunscribía al pleito sobre liquidación de la extinta sociedad legal de gananciales, no cumple con las formalidades de un contrato transaccional.

Debido a que el dictamen que posteriormente emitió el TPI en el caso Civil Núm. GB2018CV00033, sobre división de sociedad legal de gananciales fue desestimatorio en cuanto a la reclamación contra terceros no comuneros, susceptibles de ventilarse en una acción independiente, lo dispuesto como remedio provisional quedó sin efecto tras su desestimación.

En su consecuencia, resulta necesario concluir que, los daños que reclamó el apelante son extracontractuales, sujetos al término prescriptivo de un (1) año, a tenor del Artículo 1868 del Código Civil, *supra.* Al incoar la presente causa de acción fuera del referido término prescriptivo, actuó correctamente el foro primario al desestimarlas con perjuicio. El TPI no cometió el primer error imputado.

Con respecto al segundo señalamiento de error, constatamos del expediente que, el apelante no solicitó al foro primario autorización para enmendar la demanda. Más bien, es en el petitorio de reconsideración que, por primera vez y sin previa solicitud a esos efectos, el apelante cuestiona que el foro primario no le concedió una oportunidad para enmendar la demanda. En su consecuencia, no estamos propiamente ante la denegatoria a una solicitud de enmienda a la demanda.

Tal cual expusimos previamente, la Regla 13.1 de las Reglas de Procedimiento Civil, *supra,* facultan al apelante a solicitar autorización del foro primario para enmendar sus alegaciones, luego de que se le haya notificado una alegación responsiva. Si bien es cierto que conceder dicha autorización es un asunto discrecional del foro primario, está sujeta a que la parte la solicite y a la

consideración de los criterios previamente enumerados. De nuestro análisis no identificamos que, el foro primario se haya extralimitado en el ejercicio de su sana discreción al entender sobre dicho asunto, traído por primera vez, en la etapa de reconsideración.

Resulta evidente que, en el presente caso, el apelante no solicitó al TPI autorización para enmendar la demanda a los fines de añadir alegaciones en contra de Air Logix LLC y de Fresh Air LLC. Sin embargo, pretende luego de que el TPI dictó una sentencia desestimatoria, prevalecer en un reclamo que hizo por primera vez en reconsideración y sin dar cumplimiento a los procesos que establece la Regla 13.1, *supra.* El foro primario tampoco cometió el segundo señalamiento de error.

**IV.**

Por los fundamentos que anteceden, confirmamos la *Resolución y Sentencia Parcial* impugnada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones